10259

WINGO v. NEW YORK LIFE INSURANCE CO.
MAXWELL v. SAME

(101 S. E., 653)

208

210

212

*Messrs. Thomas & Lumpkin* and *James H. McIntosh* for appellant.

*Messrs. Nicholls & Nicholls* and *John Gary Evans* for respondents.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been tried four times on circuit and has been hither once before. 112 S. C., 139, 99 S. E., 436. Let the eight exceptions be reported.

The major issue made by the appellant's argument is that the trial Court ought to have directed a verdict for the defendant, upon the ground that the applicant had secured the policies of insurance to be issued to him by his untrue and fraudulent answers to the medical examiner.

The first three exceptions are directed to this issue. Upon the face of it the issue is a serious one.

The particular answer challenged is that to question 9 in the application, though counsel did animadvert on the answer to question 10, "in order to fortify the contention that the applicant had dealt unfairly with the company." Question 10, answered in the negative, is:

"Have you consulted any physician for any ailment or illness not mentioned above?"

The ailment mentioned above was that of the heart and lungs. There is no testimony that the decedent ever consulted a doctor about any ailment save disease of the lungs. That question and answer therefore fall out of the case.

Reverting to question 9, it reads:

"(9) Have you ever had or suffered from any of the following diseases (if *you have so suffered* within five years, name and address of physician consulted):

"B. Of the heart nor lungs? Answer: No."

The argument of the defendant is: (1) That the answer was untrue; and (2) that the answer was made with intent to deceive and defraud the insurance company. The defendant must establish both of these postulates to defeat the contract. The question is unhappily phrased and its meaning, if not ambiguous, is at least not readily apparent. The four words italicized have been supplied, to bring out the sense of the question.

The primary answer sought by the question was: Had the applicant suffered within five years a disease of the lungs? The secondary answer was, if he had so suffered, then give the name and address of the physician consulted. The answer which the applicant made is plainly referable to the primary question: It is simply "No."

The applicant was not asked if he had consulted a physician about a disease of the lungs, but only if having suffered such a disease within five years next before, had he consulted a physician about it. The answer was that he had

not suffered from a disease of the lungs. The primary question was directed to the applicant's knowledge of his physical condition for the five years before, not to a doctor's opinion thereabout.

Some men are not so ready to believe what a doctor tells them. Dr. Bunch testified so much. It is true that Dr. Nelson testified he told applicant in 1909 that he had a disease of the lungs, and another doctor told the applicant in 1913 he was afraid he had tuberculosis. Dr. Black testified he, perhaps wisely, did not inform the applicant of his malady. But the applicant's answer did not gainsay that declaration of Dr. Nelson. So much was not asked him, though it might have been. The question was in effect did he believe that he suffered from a disease of the lungs, and to that question he answered "No." There is no testimony that the applicant ever declared to anybody that he had tuberculosis.

■ A Court, on a motion for nonsuit, is not warranted to say that an applicant was bound at his peril to believe in a diagnosis of his ailment. Indeed, it is possible that doctors have more than once declared to a patient that he had disease of the lungs when the fact turned out to be the contrary.

■ When a contract has been executed, and to be performed after the death of one of the makers of it, and when that maker of it is dead, the contract ought not to be annulled by the other maker, except upon a breach of the letter of the agreement. The only testimony that the applicant was directly informed that he had tuberculosis is that of Dr. Nelson, and that circumstance took place four years before the application was made. On the other hand, Dr. Bunch was the medical examiner for the company and he testified directly that the applicant was sound in body. The application blank does not show that Dr. Bunch asked the applicant whether he had consulted Drs. Nelson, Black and Gibson about his lungs; he asked the applicant whether he ever had or suffered from disease of the lungs.

If Dr. Bunch thought the applicant was free from disease of the lungs, there was every reason why the applicant should have been of the same mind, and there is no suggestion that Dr. Bunch's opinion was fabricated. The same witness and the other doctors testified that tuberculosis bacilli inhabit the body of well-nigh all men, and it was only when they get the ascendancy that the subject is pronounced tuberculous. And Dr. Bunch testified further that the disease sometimes galloped to death within a year of its appearance. And again, the company's soliciting agent testified that he had written policies on the applicant in other companies, that the applicant had all the appearances of a normal man, and that the agent sought and solicited the applicant, and that the applicant did not seek the agent. Under all the testimony the Court was wise to leave the jury to find if the decedent knew he had tuberculosis when he made answer to question 9.

But assuming that question 9 reasonably suggested to the applicant his duty to answer if he had aforetime consulted a physician thereabout, and that the answer "No" was a response to that question, yet such an answer is only fatal when it is prompted by the intent to deceive. That inquiry involves a secret operation of the mind, and the circumstances before recited do not leave the issue from reasonable doubt.

In this connection the eighth exception is relevant. Nobody will deny that in a Court of equity the rule prevails that fraud must be proved by clear and convincing testimony, and that because it involves the wicked intent. The same rule operates in a Court of law; both Courts have jurisdiction to try issues of fraud; and there is no reason to apply a different rule in the two Courts. The Circuit Court did not instruct the jury that the preponderance of evidence in favor of the defendant should be clear and convincing, for that is not correct; the instruction was that the substantive matter to prove fraud, the evidence, should be clear and convincing.

The fourth exception, by the words of it, admits that two witnesses testified without objection to the good character of the decedent. It is therefore not worth while to inquire if the others who swore on that subject under objection testified against the law. Moreover, the postulate announced in *Smets v. Plunket,* 1 Strob., 372, relied upon by the appellant, has been modified by subsequent decisions of this Court. See *Dawkins v. Gault,* 5 Rich., 153; *Werts v. Spearman,* 22 S. C., 219.

The vice expressly suggested in fifth and sixth exceptions is that the Court "charged the jury upon the facts." The exceptions are without merit. All the Court told the jury in that connection was that Dr. Bunch's testimony was some evidence of a fact in issue. That was but saying that the testimony tended to prove the fact. When relevant and competent testimony—and this was both—is introduced, the inference of law is that it tends to prove the fact to which it is directed. See *Gamble v. Insurance Co.,* 95 S. C., 199, 78 S. E., 875.

The seventh and last exception to be considered "alleges error in charging the law of waiver" as the law upon that subject was stated in the third, fifth, seventeenth, thirteenth and fourteenth of the plaintiff's requests, and which requests were all allowed.

The force of the appellant's brief is directed to the plaintiff's thirteenth and fourteenth allowed requests. The fourteenth request was taken bodily from the opinion in *Insurance Co. v. Arnold,* 97 S. C., 421, 81 S. E., 964, Ann. Cas., 1916-C, 706. The appellant's counsel has not indicated in the argument wherein that postulate is untrue.

Commencing in the brief on the thirteenth request, the appellant's counsel says:

"The error is that the Court improperly defined the law of waiver, charging the jury that a lack of knowledge or its equivalent, negligence and carelessness, on the part of an examining physician for an insurance company, could amount to a waiver."

The Court was not stating the law of waiver, but was expressly stating the law of estoppel. The two subjects are not synonymous, although akin.

The argument does not deny, apart from any untrue or fraudulent answer made by the applicant, that if a medical examiner shall pass an applicant, knowing of defects in his body, then the company may not thereafter contend that the subject was unsound. It matters nothing whether this conclusion is founded upon that which the books call estoppel or waiver, or what not; those are only words.

If the above-stated postulate be true, then it is immaterial whether the action of the doctor be prompted by inefficiency or by carelessness; the result is the same; the company set him to judge of the applicant's fitness, and the company is bound by his judgment. The thirteenth request amounted to so much.

As before stated, this leaves out of the question this applicant's answer. The Court had charged the jury the effect of them.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

## ON RE-HEARING

*Per Curiam:* We have considered the petition for a rehearing and it is refused. The only matter in the petition which needs to be referred to is what we said about the fourth exception. That exception is that the Court erred—

"In admitting over defendants' objection the testimony of all the witnesses for the plaintiff and the defendant with two exceptions: the questions and answers as to the character and reputation of the deceased."

We inferred from that language that two witnesses had testified without objection. But we are satisfied from all the recitals of the petition that so much was not intended to be expressed, and that, on the contrary, the defendant objected

to all the testimony which was directed to prove the good character of the deceased.

We nevertheless think that, under our own cases cited in the opinion, the testimony was competent. The order staying the remittitur is revoked.