ROSE SILVERSTEIN, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

**Insurance (accident) — construction of provision that policy does not cover " injuries received while riding a motorcycle " — action to recover under such policy for death of plaintiff's intestate killed while a passenger in a side car of a motorcycle driven by a friend — erroneous dismissal of complaint because injuries were " received while riding a motorcycle."**

1. Where a provision in an insurance policy is ambiguous; where without giving to the language used a forced or unnatural meaning, a construction in favor of the insured may fairly be adopted, to that construction he is entitled; and where an accident policy provides that it does not cover " injuries received while riding a motorcycle " the words " riding a motorcycle " fairly construed imply control or management of the machine, while seated thereon.

2. Plaintiff's intestate was killed while riding in a side car of a motorcycle driven by a friend. In an action brought to recover under an accident policy, by which the deceased was insured, the court dismissed the complaint because the policy provided that it did not cover " injuries received while riding a motorcycle." This was error. The deceased was not riding on or controlling or managing the motorcycle. He was a passenger in the side car attached thereto and sat not on, but in, the car.

*Silverstein* v. *Commercial Casualty Ins. Co.*, 206 App. Div. 782, reversed.

(Argued January 11, 1924; decided February 19, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 24, 1923, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict directed by the court in favor of plaintiff and directing a dismissal of the complaint.

*Alfred M. Bailey, James A. Dayton, Solon Weit* and *A. I. Nova* for appellant. The accident which caused the death of the insured was within the coverage of the

policy. (*Eclipse Machine Co.* v. *H. D. Motor Co.*, 252 Fed. Rep. 805; *Bonds* v. *State*, 16 Ga. App. 545; *Houlihan* v. *P. A. Ins. Co.*, 196 N. Y. 337; *Schoonmaker* v. *Hoyt*, 148 N. Y. 431; *Preston* v. *Ætna Ins. Co.*, 193 N. Y. 142; *Ia. State Trav. Ins. Assoc.* v. *Ruge*, 242 Fed. Rep. 762; *Cooper* v. *Nat. Life Ins. Co. of the U. S. of Am.*, 253 S. W. Rep. 465; *Mathews* v. *Mod. Woodmen*, 236 Mo. 342; *Preferred Acc. Ins. Co.* v. *Fielding*, 35 Colo. 19; *Darrow* v. *F. F. Society*, 116 N. Y. 537.)

*Theodore H. Lord* and *Fred H. Rees* for respondent. The language of the exclusion found in part 15 of the policy is clear and not ambiguous that the risk excluded is that attendant upon being transported in any manner by a motorcycle, and, therefore, decedent's accident is not covered by the policy. (*Citizens R. R. Co.* v. *Ford*, 93 Tex. 110; *State* v. *Thurston*, 28 R. I. 265; *Van Bokkelen* v. *Travelers Ins. Co.*, 34 App. Div. 399; 167 N. Y. 590; *Houlihan* v. *P. A. Ins. Co.*, 196 N. Y. 397.)   The express contract between the parties is not to be changed by substitution of a different agreement and where the words in dispute have an ordinary meaning, that meaning is to be given to them without regard to the fact that a forfeiture is thereby worked. (*Rosenthal* v. *American Bonding Co.*, 207 N. Y. 162; *Bartholomew* v. *Security Mutual Life Ins. Co.*, 204 N. Y. 649; *Conway* v. *P. M. L. Ins. Co.*, 140 N. Y. 79; *Holly* v. *Metropolitan Life Ins. Co.*, 105 N. Y. 437; *Dilleber* v. *Home Life Ins. Co.*, 169 N. Y. 256; *Foote* v. *Ætna Ins. Co.*, 61 N. Y. 571; *Nelson* v. *Traders Ins. Co.*, 86 App. Div. 66; 181 N. Y. 472.)

ANDREWS, J.   Harry Silverstein was a passenger in a side car attached to a motorcycle.   The machine was driven by a friend.   It capsized killing Silverstein.   His widow brings this action to recover upon an accident insurance policy.   If anything is due, the amount is not in dispute.   Her complaint was dismissed because it was

provided in the policy that it does not cover " injuries received while riding a motorcycle."

Where a provision in an insurance policy is ambiguous; where without giving to the language used a forced or unnatural meaning, a construction in favor of the insured may fairly be adopted, to that construction he is entitled. To " ride " used as a transitive verb is annexed the idea of control or management. In standard dictionaries, among other definitions are found " to manage or control while seated on; " " to sit on and control so as to be carried, as to ride a horse, to ride a bicycle; " " to control and manage." When Marlborough rides the whirlwind he is not swept helplessly along. He directs the storm. A baby in a basket attached to the handle bar does not ride the bicycle. A friend who tells you he has been riding a horse conveys the impression that he has done more than to rest passively on its back while the horse was led by another. You say to a child sitting on a horse which his father controls that he is riding. You flatter him by likening his adventure to that of his elders, as when his hand rests on the reins you tell him he is driving. The defendant, itself, seems to hesitate as to the proper meaning of the words. In the answer it quotes the clause and then alleges that the deceased was killed not while riding but " while riding in or upon a motorcycle."

The insured, therefore, might fairly give this interpretation to the contract. The result in the courts below was erroneous. Especially is it so when in no sense did Silverstein mount the machine. He sat not on but in the car. As no other defense is suggested, the verdict reached by the jury at Trial Term under direction of the judge should be reinstated and judgment granted to the plaintiff thereon, with costs in all courts.

POUND, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., CARDOZO and LEHMAN, JJ., dissent.

Judgment accordingly.