Delbert B. Colyer and Mabel Colyer, as Administrators, etc., of Merton Colyer, Deceased, Plaintiffs, *v.* North American Accident Insurance Company, Defendant.

Supreme Court, Chenango County, August 23, 1928.

Insurance — accident insurance — policy covered accidental death by wrecking or disablement of "private automobile in which insured is riding or driving "— insured was killed when his motorcycle came into collision with automobile — motorcycle is not automobile and accident is not covered by policy.

The insured was killed when a motorcycle on which he was riding came into collision with an automobile. The policy of insurance provides for the payment of a death liability if the insured is killed "by the wrecking or disablement of * * * a private automobile in which insured is riding or driving or by being accidentally thrown from such * * * automobile."

The motorcycle on which the insured was riding was not an automobile within the meaning of that term as used in the policy, and, therefore, that provision of the policy does not cover the accident.

Action on death claim under accident insurance policy.

*Ward N. Truesdell,* for the plaintiffs.

*Hubert L. Brown,* for the defendant.

Senn, J. On September 19, 1927, while plaintiffs' intestate, Merton Colyer, was riding his motorcycle, he collided with an automobile and was killed. At that time there was in force a policy of accident insurance issued to him by the defendant, in which it was among other things agreed that if he, the insured, should suffer loss of life by accidental means during the term of the policy, "by the wrecking or disablement of * * * a private automobile in which insured is riding or driving or by being accidentally thrown from such * * * automobile," the defendant would pay the sum of $1,000.

The only question in dispute is whether a motorcycle is an automobile within the legal meaning and scope of the policy.

From the briefs of counsel and so far as I have been able to investigate, the question involved has not been passed upon by the courts of this State.

Plaintiffs' counsel quotes from the Century Dictionary and Encyclopedia under " automobile " in part as follows: " A self-moving vehicle designed to travel on common roads; specifically, a wheeled vehicle for use on roads without rails, which carries in

itself a mechanical motor, with its source of power. * * * The number of wheels may be two (bicycle), three (tricycle), four, or more. Those with four wheels (the commonest form) are built for nearly every variety of purpose of ordinary vehicles, such as carriages, and cabs for two or more persons." ·

And from Webster's Dictionary: " An automobile vehicle or mechanism; esp., a self-propelled vehicle suitable for use on a street or roadway. * * * Automobiles are commonly called motor cars. Automobile (a) containing means of propulsion within itself; self propelling; as automobile torpedo or car. * * * In the Motor Car Act (3 Ed. VIII, c. 36) the term 'Motor car' includes also motorcyle."

Quotation is also made from Huddy on Automobiles and other text books to the effect that " automobile " is the generic name of all forms of self-propelled vehicles for use on a highway.

If we are to confine ourselves to the meaning ascribed to the term by lexicographers and considering the word in its derivitive sense, viz., self-propelled or self-moving, we would naturally include motorcycles in the general designation of automobiles. But lexicographers cannot make law. Like expert witnesses, their opinion may and should aid, but cannot control, where the legal interpretation of a term is involved.

In *Salo* v. *North American Accident Insurance Co.* (257 Mass. 303; 153 N. E. 557) it was held by the appellate court that a motorcycle is not a " motor-driven car " within the meaning of those words as used in a policy of accident insurance. That was under a statute which defined an automobile to be " any motor vehicle except a motorcycle." The court among other things said: " the statute makes a clear distinction between an automobile (which manifestly is a 'motor-driven car' as used in the policy) and a motorcycle. The word ' car ' is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as a car, but is spoken of as a motorcycle. The difference in the mechanical construction of automobiles and motorcycles does not indicate that a common designation would naturally apply to both."

The court also calls attention to a clause, in that respect precisely similar to the policy in this case, which relates to an injury sustained " by the wrecking or disablement of a railroad car or passenger steamship or steamboat ' in or on ' which [the insured] is traveling, etc.," and comparing this with the clause in that policy as to riding in an automobile, states that this indicates that a distinction was intended to be made between the prepositions " in " and " on; " that the insured did not ride in his motorcycle; he rode on it.

In *Laporte* v. *North Am. Acc. Ins. Co.* (161 La. 933; 109 So. 767), a Louisiana case, the appellate court, in construing a somewhat similar policy, held that a motorcycle was not a motor-driven car within the meaning of the policy.

It is a matter of common knowledge, of which the courts must take judicial notice, that the word " automobile " means one thing and the word " motorcycle " means something essentially different. This difference has been recognized by the Legislature of the State of New York in the enactment of separate laws for the licensing, control and operation of motor vehicles (commonly known as automobiles) and motorcycles. It has separately defined them and the regulations, rights and liabilities differ in material ways. (See Highway Law, arts. XI and XI-A.)

It is urged by plaintiff's counsel that the policy, having been drawn by the defendant, should be liberally construed in favor of the policyholder and strictly construed against the company which prepared it, citing *Mulvihill* v. *Commercial Casualty Ins. Co.* (221 App. Div. 494). That is, of course, the law and has been uniformly so held. In *Silverstein* v. *Commercial Casualty Ins. Co.* (237 N. Y. 391) it was held (three judges dissenting) that where an accident policy provided that it did not cover " injuries received while riding a motorcycle," a passenger injured while riding in a side car attached to a motorcycle was not within the reservation and could recover. That to ride a motorcycle in the sense stated in the policy means to actively direct and control it. This is a strong case for strict interpretation against the insurer, where there is an ambiguity.

Here, however, the words are not ambiguous and we cannot write something into the policy which is not there. To do so would be especially violent in view of the fact, also a matter of common knowledge, that the motorcycle has greater probabilities of danger, especially to the rider, than the automobile. Had the word " automobile " been followed by some general clause such as " or other similar vehicle," it may be that the *ejusdem generis* rule would not have prevented the inclusion of motorcycles. That, however, is purely academic.

It is a well-settled rule of construction and interpretation, too familiar to require the citation of authorities, that words in a document are to be taken in their commonly understood sense, and in case of doubt the intent with which they are used is to be considered.

There are two things in connection with this policy which point, only slightly perhaps, to an intent not to insure against the kind of accident on which this action is based. One is the use of the preposition " in " instead of " on," as pointed out in *Salo* v.

*North American Accident Insurance Co. (supra)*. It is quite generally understood that people ride in automobiles and on motorcycles. The other is the low price of the policy (one dollar), which suggests the probability that the insurer would want to limit its liability rather than to extend it to risks more hazardous than those specified.

It has been suggested, with some reason, that if the insurer did not intend to include motorcycles under the designation of automobiles, it should in fairness have so stated. It would probably have been better business ethics to have done this. Still, the policy is as plain in its terms as most policies of insurance. I feel that a reasonably prudent person, owning a motorcycle, casually reading the policy, would at once see that it did not cover the kind of risk he would naturally want to insure against.

For the reasons stated I hold that the word " automobile " as used in the policy in suit does not mean or include " motorcycle " and that the complaint must be dismissed, with costs.

Findings and judgment to that effect may be submitted.