Charles H. Cohen, J.
The parties have stipulated, among other things, that plaintiff’s son, Robert, at Fort Hood, Texas, 1 ‘ while operating a motorcycle ’ ’ owned by Robert, ‘ ‘ was in collision with an automobile owned by the United States Army, and operated by one of its personnel ’ ’; that as a consequence of this accident Robert incurred reasonable and necessary medical expenses within one year from the date of the accident; and that Robert resided with plaintiff at the time of the accident. It is agreed that plaintiff is entitled to receive a stated amount from defendant as reimbursement for these expenses if the contract of insurance issued by defendant to plaintiff provides coverage.
The insurance contract, called the 1 ‘ Allstate Crusader Policy ’ ’, contains various sections. Coverage in this case is claimed under section III which is entitled “ Medical Expense, Death Indemnity and Disability Income Protection ’ ’. Part 1, called “ Coverage C 1 — Automobile Medical Payments Insurance ”, is the particular part of section III under which coverage is claimed. The opening paragraph of part 1 states that “ Allstate will pay all reasonable expenses, incurred within one year from the date of accident for necessary medical * * * services * * * to or for an insured who sustains bodily injury caused by accident.”
While this paragraph broadly states that it covers injuries caused ‘ ‘ by accident ’ ’ without limiting the kind of accident at all, the next paragraph apparently limits the kind of accident covered while stating what persons are insured. It declares s
“ THE FOLLOWING PERSONS ARE INSURED UNDER THIS PART
‘ ‘ 1. The named insured and any relative who sustains bodily injury while occupying or through being struck by an automobile; and
‘ ‘ 2. Any other person who sustains bodily injury while occupying:
“ (a) the owned automobile, while being used by the named insured, any resident of the same household or any other person with the permission of the named insured; or
“(b) a non-owned automobile if the injury results from:
“ (1) its operation or occupancy by the named insured, or
“ (2) its operation by a private chauffeur or domestic servant on behalf of the named insured, or its operation or occupancy by a relative if such automobile is a private passenger automobile or trailer not regularly furnished for the use of such relative.”
*777 Under the legend, ‘ ‘ Definitions of words used under this Part ’ ’, it is stated that ‘ ‘ The definitions under Part I of Section I also apply under this Part ”. In part 1 of section I, under “ Definitions of words used under this Part ”, subdivision 1(c) states that ‘ ‘ ‘ relative ’ means a relative of the named insured who is a resident of the same household. ” Robert, who is plaintiff’s son residing with plaintiff at the time of the accident, is, then, a “ relative ” under the quoted subdivision 1 of section III, part 1.
Defendant argues at length that there is no coverage because Robert was operating a motorcycle at the time of the accident and not an automobile. Defendant correctly points out that a motorcycle is not an automobile and notes that there would be a real difference in coverage if a motorcycle were include^ within the term automobile, quoting from Colyer v. North Amer. Acc. Ins. Co. (132 Misc. 701, 703) to the effect that it is “a matter of common knowledge, that the motorcycle has greater probabilities of danger, especially to the rider, than the automobile.”
However, defendant seems to ignore the fact that subdivision 1 of section III, part 1, provides for two situations in which the “ named insured ” and “ any relative ” are covered. It refers to injuries ‘ ‘ while occupying or through being struck by an automobile.” (To be “ struck by an automobile ” is to be “in collision with an automobile ’ ’, as set forth in the stipulation. See Webster’s New International Dictionary [2d ed.] Unabridged, “strike”.) By use of the disjunctive “or”, it provides coverage for injuries ‘ ‘ while occupying * * * an automobile ’ ’ as well as ‘ ‘ through being struck by an automobile.” It provides for alternate situations in which there may be coverage. (Cf. Matter of McNair v. Motor Vehicle Acc. Ind. Corp., 13 A D 2d 339, 341, affd. 11 N Y 2d 701.) Thus, while Robert does not fall within the words “ while occupying * * * an automobile ”, he does fall within the words “ through being struck by an automobile.” If it were intended to limit the coverage as to the “named insured” and “any relative ” to the situation where they were “ occupying * * * an automobile ’ ’ only, then the addition of the words ‘ ‘ through being struck by ’ ’ would have been unnecessary. Presumably, these words were inserted for a purpose. Having added these words, if it were intended that the occupation of an automobile be necessary in order to afford coverage, the policy would have used “ and ” rather than “ or ”. Interestingly enough, under subdivision 2, with respect to “ any other *778 person ”, there is a requirement of occupancy in automobiles as stated. Apparently, there was an intention to give the “ named insured ” and “ any relative ” broader coverage than “any other person”. The “named insured” and “any relative ” were covered while occupying or if struck by “an automobile ’ ’; other persons were covered only if occupying an “ owned ” or “ non-owned ” automobile as specifically stated in the policy. Moreover, the definition in the contract of “an automobile ” does not limit liability as to any particular automobile. Item 2 of the definitions set forth in this part 1 merely states that “ ‘ an automobile ’ includes a trailer of any type.” Presumably, if a particular automobile were being referred to in subdivision 1, it would have been so stated. Subdivision 2, it is noted, does refer to particular automobiles: an “ owned automobile ” and a “ non-owned ” automobile, terms which are defined in section I, part 1 under item 2 of definitions.
The exclusions set forth in section III, part 1, read as follows:
“ EXCLUSIONS-WHAT THIS PABT OP THE POLICY DOES NOT COVEB
“ This Part I does not apply to bodily injury sustained by:
“ 1. the named insured or a relative (a) while occupying an automobile owned by the named insured or any relative if such automobile is not one defined herein as an ‘ owned automobile ’, (b) while occupying or through being struck by (1) a vehicle operated on rails or crawler-treads, or (2) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads ;
“2. any person while occupying (a) an owned automobile while used as a public or livery conveyance, or (b) an automobile while located for use as a residence or premises;
“ 3. any person other than the named insured or a relative, resulting from the use of a non-owned automobile (a) in an automobile business, (b) as a public or livery conveyance, or (c) in any other business or occupation, except the operation or occupancy of a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith;
“4. any person who is employed in an automobile business, if the accident arises out of the operation thereof and if benefits therefor are either payable or required to be provided under any workmen’s compensation law; or
“ 5. any person due to war.”
The court observes that in subdivision 1(a), coverage for a *779 “ named insured ” or a “ relative ” is excluded “ while occupying an automobile owned by the named insured or any relative if such automobile is not one defined herein as an ‘ owned automobile ’ ”, This confirms the fact that “ an automobile ” does not mean any particular automobile, since, if it did, it would not have been necessary to exclude an owned automobile not coming within the policy definition of “ owned automobile
The court further observes that while limitations are set forth concerning injuries sustained while “occupying” automobiles in certain situations, no limitation is stated concerning injuries sustained “ through being struck by”, except in subdivision 1(b) where coverage is specifically excluded with respect to the named insured or a relative “ while occupying or through being struck by ” a vehicle operated on rails or crawler treads, or a farm tractor.
This exclusion might be the basis of an argument on behalf of defendant. It might be said that if there is coverage even where the named insured or any relative is not occupying an automobile, provided he is struck by “an automobile ” (and only an automobile), it was not necessary to exclude vehicles operated on rails or crawler treads or farm tractors since they were already excluded, not being automobiles. Defendant could then argue that the policy therefore means that there is coverage only when there is injury while occupying an automobile. Yet, if there was to be coverage only while occupying an automobile, there would seem, as already observed, to have been no purpose to have added the words ‘ ‘ or through being struck ’ ’. Defendant might also argue that the coverage as worded could not have been intended since there would be no purpose in excluding coverage when one, not occupying an automobile, is struck by, say, a motorcycle rather than an automobile. Defendant could even point out that at the beginning of section III, part 1 of the contract, there is a sketch of a person undergoing an operation under which sketch in very small print is the caption: ‘ ‘ When anyone in your car is injured or killed ’ ’.
While defendant may argue that a literal interpretation should not be given to the policy and it does not mean what it says, the court cannot disregard the clear language in the policy which does provide coverage. As stated in Johnson v. Travelers Ins. Co. (269 N. Y. 401, 407): “ Unless we are prepared to adopt the theory of the cynic that language was invented for the purpose of concealing thought, we have no right to disregard the clear provisions which defendant inserted in the policy and plaintiff accepted ”.
*780 This insurance policy is a common one sold to ordinary people who have the right to rely upon what the policy says it covers without having to analyze the policy and consider the logic of its coverage. As stated in Janneck v. Metropolitan Life Ins. Co. (162 N. Y. 574, 577-578): “ But insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and understand their meaning and import ”.
If defendant intended to exclude coverage in this ease, it should have said so in plain and unambiguous terms. (Hartal Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50.) It is axiomatic “that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy holder and against the company”, (Hartol Prods. Corp. v. Prudential Life Ins. Co., supra, p. 49. See, also, Tonkin v. California Ins. Co., 294 N. Y. 326, 328-329.)
In this case, there is an additional reason why a person of average intelligence would well believe that there was coverage. An “Introduction” page preceding the body of the policy, signed by defendant’s president and physically attached to it, announces its broad coverage in glowing terms. It states, in part:
“ There have been a number of Allstate policies that stand out as landmarks in Allstate’s crusade for betteb protection, betteb service, and betteb value. Now we take great pride in announcing the greatest of them all — the Allstate Crusader Policy, designed to give you the bboadest auto istsubaítoe pbotection nsr histoby !
“ This great new policy brings you more than 20 valuable extra-protection features, and you get all this added protection at Allstate’s famous low rates — rates that are substantially lower than those of most other companies.
“ The Crusader Policy means not only a far greater scope of protection than ever before, but is also further proof of Allstate’s continuing efforts to give you the very best value for your insurance dollar ”.
With this statement before him, even if it were not actually part of the policy (although it might be argued that it was, cf. Barna v. Clifford Country Estates, 143 Misc. 813, 816), an ordinary person would readily believe that the language in the *781 policy, stating that there is coverage if the “ named insured ” or “ any relative ” was injured “ through being struck by an automobile ”, meant just that.-
Accordingly, the court finds that section III, part 1 of the contract of insurance provides insurance coverage, and directs that judgment be entered in favor of plaintiff against defendant in accordance with the stipulation.