Memorandum. Plaintiff seeks to recover medical expenses incurred as a result of injuries sustained while a passenger on a motorcycle. The accident took place when the driver of the motorcycle lost control of the vehicle and struck a curb. The defendant had issued to plaintiff an automobile liability policy which provided in relevant part for the payment of medical expenses if the injury was sustained while the insured was "occupying a non-owned automobile.” It is our opinion that the word "automobile” as used in the policy before us does not encompass within its meaning a motorcycle (see Colyer v North Amer. Acc. Ins. Co., 132 Misc 701; see, also, Castanis v Aetna Cas. & Sur. Co., 77 Misc 2d 83; Wanderer v Allstate Ins. Co., 77 Misc 2d 775). It is axiomatic that the terms of an insurance policy should be given, if possible, their plain, ordinary and popular meaning (Mansbacher v Prudential Ins. Co., 273 NY 140) and the word "automobile” is not commonly understood to be synonymous with "motorcycle.” The added risks inherent in the coverage of the latter vehicle buttress the conclusion that this is the only fair interpretation to be placed upon the policy (cf. Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386).
Order affirmed, with $10 costs.
Concur: Hogan, P. J., Pittoni and Farley, JJ.