OPINION OF THE COURT
Matthew F. Coppola, J.
The primary issue raised by these motions for summary judgment is whether the obligation of a medical malpractice insurer to provide legal defense costs requires that insurer to reimburse the insured for legal costs incurred in defending against administrative disciplinary proceedings.
*543 Plaintiff Milton Reisner, a psychiatrist and sole shareholder of the plaintiff professional corporation, has been the object of disciplinary proceedings commenced in 1981 by the New York State Department of Health, State Board for Professional Medical Conduct. There were two identical statements of charges, one against Dr. Reisner individually and one against Dr. Reisner P. C. The identical specifications contained in each statement alleged that plaintiff had committed professional misconduct, pursuant to Education Law § 6509, by practicing medicine with gross incompetence, gross negligence, incompetence or negligence. These charges were factually premised upon plaintiff’s psychiatric evaluations of five patients to determine their fitness for gender reassignment surgery. In each case plaintiff was charged with having made a diagnosis of transsexualism and recommending gender reassignment surgery without adequate evaluation of the patient.
Over 30 hearings were held by the aforementioned Board pursuant to Education Law § 6510 to determine whether Reisner had committed professional misconduct. Representation of Reisner and the professional corporation was by a single attorney. During the course of these hearings, Reisner sought payment from defendant for his attorney’s fees. He claimed that he was entitled thereto by virtue of part III, section 1, coverage G of the insurance policy.
Part III of the insurance policy is entitled "Supplementary Payments”. Section 1 reads in applicable part as follows:
1. Coverage Agreements. The Company will pay on behalf of the named insured reasonable * * *
"Coverage G. — Legal Defense Costs incurred in defense of any suit against the named insured, during the policy period and within the policy territory, alleging liability for acts arising out of the named insured’s profession described in the declarations but not covered by this policy or any other policy”.
The above coverage has an indemnification limit of $50,000 per claim.
Through July of 1984, defendant paid to Dr. Reisner the sum of $50,000 to reimburse him for his attorney’s fees. It is asserted that this payment was made by mistake; however, defendant is waiving any claim for reimbursement. Dr. Reisner maintained that his professional corporation was separately covered for the same limits of indemnification pursuant *544 to the foregoing coverage G. Defendant refused additional payment and this declaratory judgment action ensued.
The complaint sets forth two causes of action. The first cause of action alleges that Milton Reisner, M.D., and Milton Reisner, M.D., P. C., are insured for legal defense costs of $50,000 each. The second cause of action maintains that each of the disciplinary charges is a single claim. Thus, at $50,000 per claim, for 5 claims for each of 2 insured, or 10 claims in all, the complaint seeks $500,000 in legal defense costs.
Issue has been joined and discovery appears to have been concluded. Defendant moves for summary judgment alleging, inter alia, that there is no coverage under the policy for the legal costs in question. Plaintiffs cross-move for summary judgment.
There is no claim of ambiguity in the insurance contract, nor does the court find any. The provision under which plaintiffs sued is clear. It provides for reimbursement of defense costs incurred "in the defense of any suit alleging liability for acts arising out of the named insured’s profession” not otherwise covered by the policy. The question, then, is whether the disciplinary proceedings for which plaintiffs seek reimbursement of legal costs are included in the term "suit”. For reasons given hereinafter, the court finds that a disciplinary proceeding is not a "suit” under coverage G.
The language of an insurance contract, as any other contract, is to be construed so that the words are given their ordinary and usual meaning (Government Employees Ins. Co. v Kligler, 42 NY2d 863; Kennedy v Firemans Fund Am. Ins. Cos., 82 Misc 2d 67). The word "suit” is not a term of art or arcane reference. It is a common word with an everyday meaning. Thus, one dictionary defines it as "any proceeding in court to recover a right or claim” (American Heritage Dictionary of English Language [New Coll ed 1980]). Another defines it as "any proceeding in court to recover a right or claim” (Merrian-Webster Dictionary [1974]). Still a third puts it as "the act, the process or an instance of suing in a court of law; legal prosecution” (Random House Dictionary of English Language [1967]).
Common to each of these definitions is a courtroom proceeding; implicit therein is the occurrence of an adversarial proceeding. It is abundantly clear to this court that a disciplinary proceeding by an administrative board with regard to a licensed professional’s conduct is not a suit.
*545 Then, too, the insurance contract requires that the suit must allege "liability”. "Liability” is another word which is unambiguous and of ordinary and usual meaning. "The state of being * * * obligated according to law or equity: responsible” (Webster’s Ninth New Collegiate Dictionary [1984]). Moreover, "liability insurance” is "insurance covering the insured against losses arising from injury or damage to another person or property” (Random House Dictionary, op. cit.). In other words, a "suit alleging liability” necessarily involves a claim by one party against another which seeks vindication of a right which, if successfully pressed, would require the sued party to be answerable through some form of relief.
The State Board proceedings, which are still being conducted, do not constitute a court action to recover a claim or right for which the plaintiffs are legally obligated or responsible. Consequently, these proceedings are not a "suit alleging liability”. Rather, they are administrative proceedings alleging professional misconduct which, if justified, would result in imposition of disciplinary measures. The charges filed against Dr. Reisner allege no liability on his part; they are charges of misconduct pursuant to the mandate of Education Law § 6510 (1) (0.
Because of the court’s holding that the insurance contract does not provide coverage to plaintiffs as sought herein, the other issues raised by defendant are moot. However, there can be no doubt that the single set of charges constitutes a single "claim” for purposes of the insurance contract just as a complaint with more than one cause of action would be a single claim. Thus, if the disciplinary proceedings were a valid claim for which reimbursement of legal fees would lie, they would be one claim. Moreover, under the facts of this case, the court would be hard pressed to find that each plaintiff would be entitled to separate reimbursement! There is no showing that the charges against the professional corporation, involving psychiatric evaluation and judgment, could be considered anything more than vicarious and technical or that they required separate representation for the professional corporations.
Defendant’s motion is granted and plaintiff’s motion is denied.