Harry T. Nusbaum, J.
This action, submitted on an agreed statement of facts, was brought by the plaintiff to recover under the medical services provision of his family automobile combination policy.
The plaintiff, an employee of the Board of Education of the Town of North Hempstead, also does part-time work as a taxi driver. On an average, he worked three days a week and three to four hours a day on each day he worked. He pursued this course of conduct from 1954 through the time of the accident in 1968. No particular taxicab was assigned to him, as they were assigned on a first come, first served basis, and there were occasions when the plaintiff was unable to work because all the cabs had been given out to other part-time employees. On August 18, 1968, while the plaintiff was operating a cab, he was involved in an accident in which he was injured, and incurred medical expenses in excess of the two thousand dollar ceiling on medical expenses set forth in the policy. The defendant resists payment of the claim on the ground that the medical expenses incurred, as a result of the August 18, 1968 accident, do not come within the coverage of the plaintiff’s policy. It contends that the taxicab being driven by the plaintiff at the time of the accident was not a “ non-owned automobile ” within the terms and definitions of the policy, which would qualify the plaintiff as one of the persons to whom such medical payments are payable.
The policy in question, after providing for the payment of medical expenses to the insured and each relative who sustained ‘ ‘ bodily injury ’ ’ caused by accident while occupying the insured’s automobile, further provides for the payment of such *950 benefits if the injury occurred while the insured was occupying a ‘ ‘ non-owned automobile. ’ ’
The policy "defines the term “ non-owned automobile ”, as “ an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relatives other than a temporary substitute automobile.”
It is the defendant’s contention that at the time the accident occurred the plaintiff was occupying a non-owned automobile ‘ ‘ regularly furnished ’ ’ for his use and is, therefore, not covered for the medical payments incurred by him as a result of the accident. It is the plaintiff’s contention that the submitted agreed statement of the facts cannot support a finding that the taxicab in which the plaintiff was injured was a motor vehicle ‘ ‘ regularly furnished ’ ’ for his use, because such taxicabs were also available to other part-time employees and no particular taxicab was available for or regularly furnished to the plaintiff. By inference the plaintiff also contends that the clause in question is ambiguous and must, therefore, be strictly construed against the insurer defendant.
I find little merit in, or legal precedent to support, the plaintiff’s contention.
There has been only scant judicial interpretation of the term ‘ ‘ regular use ’ ’ in this jurisdiction Mid it is obvious that any interpretation of the term depends solely on the facts presented in each cash.
The Appellate Term, First Department, in Vern v. Merchants Mut. Cas. Co. (21 Misc 2d 51), held that an employee who hired a car for 30 days while out of town on business and was injured on the 27th day of such use was excluded from coverage under his own policy, on the ground that such hiring and use constituted “ regular use ” of a non-owned automobile under the terms of the policy.
In Westchester Vending Co. v. Hartford Acc. & Ind. Co. (N. Y. L. J., May 1, 1970, p. S16, col. 5 [Sup. Ct., Westchester County]), the court upheld a jury finding that an executive for whom a company car was available, but only occasionally used, was not excluded from coverage under his own policy, the finding there being that the car was not one furnished for Ms 1 ‘ regular use.” In Vern v. Merchants Mut. Cas. Co. (supra), the court was dealing with virtually the same language as in the policy in the case at bar and found that the language used was not ambiguous. Of greater importance, the court there set forth the test to be applied in ithe interpretation of the term ‘ ‘ regular use ’’ as follows: “ It is the availability of the car and the number of times it is used that should be the criterion.”
*951 As to the plaintiff’s argument that there was no one or particular taxicab available for the plaintiff’s “regular use”, I am fully in accord with the statement found in Kenney v. Employers’ Liab. Assur. Corp. (5 Ohio St. 2d 131,134), wherein the court stated: “ In order to be excluded under this exclusionary clause, an automobile need not be a single particular automobile regularly furnished to the named insured. Thus it is well settled that an automobile will be excluded under such policy provisions although it is-only one of a group of automobiles from which an automobile is regularly furnished to the named insured by Ms employer. ’ ’
Applying the criteria set forth in the Vern case and the law set forth in the Kenney case cited above, the conclusion becomes inescapable that the plaintiff’s use of a taxicab three times a week for three to four hours a day for a period of 14 years constitutes “ regular use ” of a non-owned automobile furnished to Mm, which bars Ms recovery of the medical payments sued for herein.
There can be little doubt that when the policy in question was written covering the plaintiff’s personal automobile, the risk now sought to be imposed was not contemplated. If anything, the case is illustrative of the Mnd of additional risk the defendant insurance carrier sought to avoid by the careful wording of the policy.
Mr. Justice Lewis stated, in the case of Grantham v. United States Fid. & Guar. Co. (245 S. C. 144, 148) “ The purpose of such policy provisions is to afford coverage for the infrequent and casual use of vehicles other than the one described in the policy, but not to cover the insured with respect to his use of another vehicle which he frequently uses or has the opportunity to use. The intent is clear to protect the insurer from a situation whereby an insured could purchase a policy covering one automobile and be covered without qualification as to all automobiles available for his use.”
To subject the defendant insurer to liability under this policy for injuries sustained by the plaintiff while driving a taxicab, with all the additional risks inherent in such a pursuit and for which no premium was paid, would be unconscionable.
For all of the reasons hereinabove stated, I find the defendant to be entitled to a judgment dismissing the plaintiff’s complaint.