120 N.J. Super. 549 (1972)
295 A.2d 373
ANTHONY VENTERS, JR., PLAINTIFF-RESPONDENT,
v.
SELECTED RISKS INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1972.
Decided October 6, 1972.
*550 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Robert E. Edwards argued the cause for appellant (Messrs. Kisselman, Deighan, Montano, King and Summers, attorneys; Mr. Neil F. Deighan, Jr., of counsel).
Mr. Leonard W. Moss argued the cause for respondent (Messrs. Moss, Thatcher & Moss, attorneys).
PER CURIAM.
Defendant appeals from a judgment entered for plaintiff on cross-motions for summary judgment.
*551 Plaintiff was an employee of Public Service Coordinated Transport and was involved in a motor vehicle accident while operating a bus within the scope of his employment. He sustained personal injuries and incurred medical expenses as a result. He held a policy of insurance with defendant covering a personally owned 1962 Oldsmobile. The policy was in force on the date of the accident. Among the terms of the policy, defendant was required to pay $500 for medical expenses incurred under certain specified circumstances as the result of a motor vehicle accident. Plaintiff's recovery from defendant in this action was under this section of the policy.
Part II of the policy as written requires defendant:
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, * * *: To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom * * * caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission.
The definition of "non-owned automobile" is found on a previous page of the policy, under Part I  Liability, Part II, stating: "The definitions under Part I apply to Part II." A non-owned automobile is there defined as one "not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."
Plaintiff does not contend that he was misled by the terms of the policy. His argument to the court below was that the bus supplied to him for operation each day could not be considered an automobile furnished for his regular use since he did not necessarily drive the same bus each day and he was only permitted to operate it during working hours.
*552 Defendant argues here that there is no liability because the accident occurred in a vehicle furnished for plaintiff's regular use. It contends that the purpose of such a clause excluding non-owned automobiles regularly furnished is to prevent exposure to additional risk without the payment of an additional premium.
We reverse. It is the regular use of other motor vehicles that brings the exclusionary clause here involved into operation. Whether the insured's employer assigns one specific motor vehicle for his regular use, or a number of motor vehicles, any one of which may be assigned for a particular trip, the result would be the same. See Hayes v. Fireman's Fund Insurance Co., 170 Colo. 164, 460 P.2d 225, 227 (Sup. Ct. 1969), and Voelker v. Travelers Indem Co., 260 F.2d 275 (7 Cir.1957). The weight of authority is in accord with this statement. See Home Insurance Co. v. Kennedy, 52 Del. 42, 152 A.2d 115 (Super. Ct. 1959); Iowa Mutual Insurance Co. v. Addy, 132 Colo. 202, 286 P.2d 622 (Sup. Ct. 1955); Schoenknecht v. Prairie State Farmer's Ins. Assoc., 27 Ill. App.2d 83, 169 N.E.2d 148 (App. Ct. 1960); Farm Bureau Mutual Automobile Insurance Co. v. Boecher, Ohio App., 48 N.E.2d 895 (App. Ct. 1942); Davey v. Merchant's Mutual Casualty Co., 97 N.H. 236, 85 A.2d 388 (Sup. Ct. 1952); Whaley v. Great American Insurance Co., 259 N.C. 545, 131 S.E.2d 491 (Sup. Ct. 1963); Grantham v. U.S. Fidelity and Guarantee Co., 245 S.C. 144, 139 S.E.2d 744 (Sup. Ct. 1964); Bringle v. Economy Fire and Casualty Co., 169 N.W.2d 879 (Iowa Sup. Ct. 1969); Kenney v. Employer's Liability Assurance Corp., 5 Ohio St.2d 131, 214 N.E.2d 219 (Sup. Ct. 1966); O'Brien v. Halifax Ins. Co. of Massachusetts, 141 So.2d 307 (Fla. D. Ct. App. 1962); Dickerson v. Miller's Mutual Fire Insurance Co. of Texas, 139 So.2d 785 (La. Ct. App. 1962).
Plaintiff's reliance on American Casualty Co. v. Lattanzio, 78 N.J. Super. 404 (Ch. Div. 1963), is misplaced. The *553 factual situation presented in Lattanzio is readily distinguishable from the circumstances presented here. Compare Ruggiero v. Globe Indemnity Co., 66 Misc.2d 948, 323 N.Y.S.2d 292 (N.Y.C. Civil Court, 1971).
Reversed.