Harry W. Davis, J.
This matter is submitted to me on an agreed statement of facts.
On August 23, 1972 plaintiff was operating his motorcycle in the State of Massachusetts (also registered in that State) when he was struck by an automobile, as a result of which he sustained serious injuries. On that date he was also the owner of an automobile registered in New York which was covered by a policy of insurance issued by the defendant. It was in full force and effect on the date of the accident and included coverage for medical expenses up to a limit of $5,000. The motorcycle was covered by another policy of1 insurance which did not provide coverage for medical expenses. Indeed it is conceded by the parties that no such coverage is available as part of the insurance for any motorcycle. It is also agreed that as a result of the accident of August 23,1972, the plaintiff incurred medical expense in excess of $5,000.
Plaintiff has made claim for payment of this medical expense, under the policy covering the automobile but defendant resists payment claiming that the automobile coverage does not include this type of accident. Specifically the basis of the resistance is that the plaintiff is using the automobile policy to protect *84 himself against a medical expense while operating a vehicle having no such coverage protection. Put another way, it is claimed that even though the plaintiff was struck by an automobile, he was at the time operating a vehicle which was not the subject of the defendant’s policy and moreover that such operation was not a contemplated risk of said policy.
The policy of the defendant is known as a “ Family Automobile Policy.” Generally, it insures the owner of the policy and certain others as .specified therein in the use and maintenance of “the owned automobile ”, all of which are defined in great detail in Part 1 of the policy. One also finds in great detail the exclusions under the policy, that is, the areas not covered by the policy.
The claim here is under part II (expenses for medical services) of the policy. Under this part defendant agrees to pay the medical expenses:
“ To * * * the named insured * * * [for] bodily injury * * * caused by accident,
“ (a) While occupying the owned automobile,
‘ ‘ (b) While occupying a non-owned automobile * * *
1 ‘ (c) Through being struck by an automobile or by a trailer of any type.”
This part of the policy also contains “Exclusions” which consist of well defined instances and areas of noncoverage.
Plaintiff’s claim is of course based upon subdivision (c) quoted above. If .plaintiff while a pedestrian was struck by an automobile there is no doubt that he would be entitled to recover. Would not the same rule obtain if he was struck by an automobile while on roller skates or a sled or a scooter or perhaps even on a bicycle or if he was a passenger on the mtorcycle or even if he was operating a borrowed motorcycle? The issue is raised here because he was operating his own motorcycle, the insurance on which did not include medical payment coverage. Is he by reason thereof barred from recovering under the policy insuring the automobile?
■Subdivision (c) states with certainty that defendant will pay the assured his medical expense for bodily injury, ‘ ‘ caused by accident, through being struck by an automobile ”. Unless there is an exclusion provision to be found in the policy, the defendant is required to pay.
Defendant urges that the “ motorcycle ” must be deemed to be an “ automobile ” for the purposes of the policy and that *85 the plaintiff cannot recover since the policy did not extend to other automobiles. I find this position untenable. An automobile is defined as a car, usually four-wheeled, propelled by an engine or motor that is part of it. In Colyer v. North Amer. Acc. Ins. Co. (132 Misc. 701) it was held that “ motorcycle ” is not included in the word “automobile ”.
There is no doubt that a carrier has a right, within the terms of statutory authority, to make its own determination whom and what it will insure (Sommer v. Guardian Life Ins. Co., 281 N. Y. 508) but having done so, it then has the burden of showing that its own construction is the only possible one that can be ascribed to the policy (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386).
Defendant has failed to meet that burden and my own examination of the exclusionary provisions fails to establish the defendant’s nonliability.
The cases cited by defendant are inapposite. Ruggiero v. Globe Ind. Co. (66 Misc 2d 948) denied plaintiff’s claim because he was injured while employed as a taxicab driver which was a “regular use ” of a nonowned automoble. In Vern v. Merchants Mut. Cas. Co. (21 Misc 2d 51) plaintiff was an employee injured in a hired car driven by him while on out of town business. It was held that this constituted “regular use” of a nonowned automobile.
There are exclusions under part II (medical expenses) which are clearly defined. For example in subdivision (b) there is specific provision that the policy does not apply to bodily injury “ sustained by the insured or a relative while occupying * * * (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (2) a vehicle operated on rails or crawler-treads ”.
If defendant intended to insulate itself against liability for medical expense in this type of an injury, surely it could have included this in the exclusion paragraph. “ The question is simply whether the average man in applying for insurance and reading the language of this policy at the time it was written would ascribe the meaning to that language which the insurance company here urgés ”. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50.) I believe the average man would not and I find accordingly that the plaintiff is entitled to judgment in the amount of $5,000 against the defendant together with appropriate interest, costs and disbursements.