Vincent F. Nabo, J.
The parties to this lawsuit have submitted a question of law to be determined by the court prior to the trial of this action. The issue submitted to the court is whether a motorcycle is to be considered an automobile under the expenses for medical services coverage of the defendant insurance company’s policy issued to this plaintiff.
The facts are as follows: the defendant issued an automobile insurance policy to the plaintiff herein which included a so-called medical payments clause. Plaintiff’s son, Robert Ginsberg, 15 years of age at the time of the accident, was injured while driving a motorcycle, not owned by plaintiff. This action is brought by Howard Ginsberg, the father of said Robert Ginsberg, against the defendant insurance carrier, which issued to him the automobile insurance policy as noted above and which included coverage for medical payments in the sum of $5,000.
Under Part I of the policy, the meaning of various words employed in the policy is defined. The policy also provides that the definitions under Part I apply to Part II. The plaintiff argues that an automobile and a motorcycle are both motor vehicles under section 310 of the Vehicle and Traffic Law and are therefore, synonomous. This section of the Vehicle and Traffic Law refers to the compulsory insurance law as the "Motor Vehicle Financial Security Act” and requires every driver of a motor vehicle to carry liability insurance to protect and compensate the public for personal injuries sustained in the operation, maintenance and control of motor vehicles on our highways. For the purpose of this law, the courts have interpreted motor vehicles to include motorcycles.
However, this action deals with the medical payments clause of the policy, which is not mandated by law, to be included in the coverage issued to owners of automobiles. An examination of this clause discloses that there are three contingencies under which payment is to be made by the defendant. The present action is brought under subdivision b which provides as follows: "While occupying a non-owned automobile but only if such person has, or reasonably believes he has the permission of the owner to use the automobile and the use is within the scope of such permission”. Plaintiff *1028 claims that his son was injured, while on a motorcycle which he contends is an automobile under the foregoing provision.
In the case of Colyer v North Amer. Acc. Ins. Co. (132 Misc 701), cited by the plaintiff in his memorandum, the court discussed the meaning of "automobile” at great length. It noted that the Century Dictionary and Encyclopedia, Webster’s Dictionary and Huddy on Automobiles describe the word "automobile” as the generic name of all forms of self-propelled vehicles for use on a highway. Nevertheless, the courts have previously decided that lexicographers cannot make the law and further that it is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as a car but is spoken of as a motorcycle. More recently, in Lalomia v Bankers’ & Shippers’ Ins. Co. (55 AD2d 114, 116), the court distinguished between an automobile and a motorcycle in the following words: "It would be unfair to compel an insurer to automatically extend coverage to a * * * motorcycle or racing car by a strained construction of the words 'private passenger automobile’ ”,
The language in the medical payments clause of the insurance policy issued to the plaintiff herein is clear and unambiguous, as to the coverage intended. The words used in an insurance contract must be given their ordinary and usual meaning unless some special or technical meaning is involved. The court cannot write something into the policy which is not there. It is a well-settled rule of construction and interpretation, too familiar to require the citation of authorities that words in a document are to be taken in their commonly understood sense and in case of doubt the intent with which they are used is to be considered. (Colyer v North Amer. Acc. Ins. Co., supra.) The courts have consistently held that where an insurance policy is unambiguous, it should be construed according to the plain and ordinary meaning of its terms. (Tyroler v Continental Cas. Co., 31 AD2d 8, affd. 25 NY2d 710; Futtrel v Indiana Lumberman’s Mut. Ins. Co., 471 SW2d 926 [Tex.].)
In further support of plaintiff’s contention that the medical payments clause, subdivision b, of the policy applies to motorcycles, plaintiff points out that during 1973, the defendant insured a Honda motorcycle owned by plaintiff under the same policy issued to plaintiff for two automobiles. An examination of the endorsement, Exhibit C which covered the Honda, discloses that the defendant’s liability was limited to *1029 $10,000 for one and $20,000 for more than one person injured and to $5,000 for property damage. The medical payments box on the endorsement was left blank. The plaintiff’s argument that the very same policy was used to cover the motorcycle must fail since no medical payments clause was included.
The court notes that there appears to be a reluctance to provide medical payments coverage to operators of motorcycles independent of the fault of the operator. Motorcycles are specifically excluded from the provisions of subdivision 6 of section 671 of the Insurance Law, popularly referred to as the "No-Fault Statute” (Insurance Law, art. XVII). In addition, Judge Harry W. Davis, in his decision in Castanis v Aetna Cas. and Sur. Co. (77 Misc 2d 83) states that "it is conceded by the parties that no such coverage is available as part of the insurance for any motorcycle.”
Accordingly the court finds that plaintiff is precluded by the terms of the medical payments clause of the policy, Part II, Coverage C from seeking reimbursement for moneys expended by him for the treatment and care of his son. The court finds judgment for the defendant, dismissing the plaintiff’s complaint, without costs and disbursements.