**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2841-18T3

EDWARD SIEMIETKOSKI,

    Plaintiff-Appellant,

v.

CHARLIE VELASQUEZ-FLORES,
GUSTAVO A. VELASQUEZ,
and COUNTY OF ATLANTIC,

    Defendants,

and

GEICO INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued February 27, 2020 – Decided July 17, 2020

Before Judges Alvarez, Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1481-17.

Danielle Judith Walcoff argued the cause for appellant (Lipari & Walcoff, LLC, attorneys; Christopher Santo Lipari and Danielle J. Walcoff, on the briefs).

Stephen Joseph Foley, Jr. argued the cause for respondent (Campbell Foley Delano & Adams LLC, attorneys; Stephen Joseph Foley, Jr., on the briefs).

PER CURIAM

Plaintiff Edward Siemietkoski appeals the January 25, 2019 order granting summary judgment to defendant Geico Insurance Company (Geico) that dismissed plaintiff's claim for underinsured motorist (UIM) coverage. Geico denied plaintiff's claim based on the "regular use" exclusion that restricts UIM coverage where an insured has sustained bodily injury while occupying a vehicle furnished for the regular use of the insured. The facts here are not disputed. The only question is whether the exclusion applies. For reasons that follow, we affirm.

I.

On August 21, 2015, plaintiff—an Atlantic County park ranger—was involved in an automobile accident while operating an Atlantic County owned truck during the course of his employment. He testified his employer "had a pool of vehicles. We had one usually that we were supposed to be in. But if it was down at the motor pool . . . , we could use whatever." On the day of the accident, plaintiff drove his personal vehicle to his job site. The keys to the

available County vehicles were kept on a board, and he could pick them up. Plaintiff was not permitted to take the vehicle home at the end of his shift.

Defendant Charlie Velazquez-Flores was insured under a "basic" policy. N.J.S.A. 39:6A-3.1(c). A basic policy "mandates no minimum bodily injury coverage but provides that the policyholder may elect to purchase such coverage 'in an amount or limit of $10,000.'" Citizens United Reciprocal Exch. v. Perez, 223 N.J. 143, 155 (2015) (citing N.J.S.A. 39:6A-3.1(c)). Plaintiff was insured by Geico under a New Jersey Family Automobile Insurance Policy that included both uninsured (UM) and UIM coverage. Plaintiff filed a claim under his UM and UIM coverages, but this was denied by Geico.

Plaintiff filed an amended complaint in the Law Division against defendant Velasquez-Flores, Gustavo A. Velasquez, County of Atlantic and Geico.[1] Count three—against plaintiff's private passenger automobile insurer, Geico—requested a judgment under his policy's UM coverage for injuries, losses and damages arising from the accident. The complaint was amended later, without objection, to include a request for benefits under the UIM coverage.

---

[1] The complaint filed on July 20, 2017 was amended on August 10, 2017 to include the County.

A-2841-18T3

On January 25, 2019, the trial court granted Geico's summary judgment motion, finding "Atlantic County furnished for the regular use of the plaintiff a vehicle that he could use at such times as he desired during working hours. He had a general right to use a County vehicle whenever he worked." And, because of this, the court determined the "exclusion in this policy would prohibit or it would exclude the UIM coverage in this case."

On appeal, plaintiff raises the issue:

> THE PLAINTIFF'S USE OF THE VEHICLE WAS RESTRICTED BY HIS EMPLOYER AND WAS NOT A VEHICLE FOR PLAINTIFF'S . . . REGULAR USE.

II.

We review a trial court's order granting or denying summary judgment under the same standard employed by the motion judge. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). The interpretation of an insurance contract is a question of law, the review of which we undertake de novo. Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 260 (App. Div. 2008).

An insurance policy "should be construed liberally in . . . [the insured's] favor . . . to the end that coverage is afforded 'to the full extent that any fair interpretation will allow.'" Id. at 258 (first alteration in original) (quoting Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961)). Exclusions in an

insurance policy are to be narrowly construed. Doto v. Russo, 140 N.J. 544, 559 (1995). It is the insurer that bears the burden of demonstrating an exclusion applies. Flomerfelt v. Cardiello, 202 N.J. 432, 456 (2010).

An exclusion "is a limitation or restriction on the insuring clause." Weedo v. Stone-E-Brick, 81 N.J. 233, 247 (1979) (quoting Haugan v. Home Indem. Co., 197 N.W.2d 18, 22 (S.D. 1972)). It "does not extend or grant coverage." Ibid. It is an exclusion from coverage. As the Court stated in Weedo, "the basic principle [is] that exclusion clauses [s]ubtract from coverage rather than grant it." Ibid. "If the policy terms are clear, [we must] interpret the policy as written and avoid writing a better insurance policy than the one purchased." Hardy v. Abdul-Matin, 198 N.J. 95, 101-02 (2009) (quoting President v. Jenkins, 180 N.J. 550, 562 (2004)).

Plaintiff sought coverage under the UIM portion of his automobile insurance policy. Geico would not exercise its right to arbitration, choosing to litigate the case—arguing that the claim was excluded under the policy.

Under the "losses we will pay" portion of the "uninsured/underinsured motorists coverage" portion of the policy, Geico agreed to pay "damages for bodily injury . . . caused by an accident which the insured is legally entitled to recover from the owner or operator of an . . . underinsured motor vehicle arising

A-2841-18T3

out of the . . . use of that vehicle." An underinsured motor vehicle is defined in the policy as "a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident but its limit for liability is less than the limit of liability for this coverage." No one disputed the tortfeasor's vehicle was underinsured because he had a "basic policy" of insurance, while plaintiff's policy included coverage of $50,000/$100,000 for each person/each occurrence in coverage. Geico denied coverage under exclusion six: "bodily injury sustained by an insured while occupying a motor vehicle not owned by, and furnished for the regular use of the insured when involved in an accident with an underinsured motor vehicle."

Plaintiff contends he was not using a vehicle for which he had personal or regular unrestricted use because he could not use it outside the scope of his employment, it remained on County property at all times and his ability to use the vehicle was not unrestricted. He also did not have the same vehicle every day and had to use it on County property.

We agree based on existing precedent that the exclusion applied in this case. In DiOrio v. New Jersey Manufacturers Insurance Company, Inc., 63 N.J. 597, 603 (1973), the Supreme Court noted with respect to liability coverage that "[t]he word 'furnished' connotes much more than [mere] permission to use . . . .

It connotes some general right to use, something more than use with permission on occasions, whether recurring or isolated." In DiOrio, the operator of the vehicle when the accident happened was the son of one of the owners, but his use was "wholly occasional and depended on the father's permission." Id. at 605.

Following remand, the DiOrio case returned to the Supreme Court on the question of whether the father's use of the car constituted "regular use" under the policy. DiOrio v. New Jersey Manufacturers Insurance Company, Inc., 79 N.J. 257 (1979) (DiOrio II). Because there were no restrictions "on how and why and when" the father could use the car, the Court found ample support that the car was furnished to the father for his "regular use" within the meaning of the policy and that precluded coverage. Id. at 265.

Cases make clear that "regular use" is not limited to situations where the vehicle is used both for business and personal uses or based on the frequency of use. In Venters v. Selected Risks Insurance Company, 120 N.J. Super. 549 (App. Div. 1972), we rejected the trial court's decision that the plaintiff bus driver was not furnished a bus for "regular" use just because the driver did not drive the same bus every day. We found that it did not matter if a specific bus

A-2841-18T3

was assigned or a number of them; the bus was furnished for regular use. Id. at 552.

In Malouf v. Aetna Casualty & Surety Company, 275 N.J. Super. 23, 27 (App. Div. 1994), we said that frequency of the use of the vehicle was not what was central. "The question is not whether [the plaintiff] frequently used the vehicle but whether it was 'furnished' for his regular use." Ibid. (quoting American Cas. Co. v. Lattanzio, 78 N.J. Super. 404, 410-12 (Ch. Div. 1963)).

In Fiscor v. Atlantic County Board of Chosen Freeholders, 293 N.J. Super. 19 (App. Div. 1996), we affirmed the denial of coverage when the warden of a jail, who was on call twenty-four hours a day, had an accident while intoxicated in a county owned vehicle he was permitted to drive for work, and to and from his home. We said there, "[w]here the insured, as in the present case, has an unrestricted right to use the vehicle for business purposes and was using the vehicle for such purposes at the time of the accident, the vehicle is one that is furnished for his regular use." Id. at 27-28.

We are satisfied from these cases that the exclusion applied here. Plaintiff had a general right to use the County vehicle while on the job. The County vehicle was not used occasionally, but daily. The application of this exclusion is not limited to situations where only one vehicle is assigned. No one denied

A-2841-18T3

that the vehicle was furnished by plaintiff's employer for use during his work hours, and that vehicle's use was not restricted for business purposes. These are exactly the characteristics that other courts have found to constitute a vehicle "furnished" for the "regular use" of the insured.

Plaintiff has only belatedly argued that the exclusion was ambiguous.[2] We are satisfied that any ambiguity would not preclude application of the exclusion on the facts of this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Plaintiff's response to our request to address Katchen v. Geico, 457 N.J. Super. 600 (App. Div. 2019), raised an issue about policy language ambiguity for the first time. We need not consider plaintiff's arguments not raised in the trial court. Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-2841-18T3