**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4443-19

IMMACULA EDOUARD,

    Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY
(GEICO),

    Defendant-Respondent.

_____

Argued November 1, 2021 – Decided November 16, 2021

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3408-20.

Pablo N. Blanco argued the cause for appellant (The Blanco Law Firm, LLC, attorneys; Pablo N. Blanco, on the briefs).

Daniel J. Pomeroy argued the cause for respondent (Pomeroy, Heller, Ley, DiGasbarro & Noonan, LLC, attorneys; Daniel J. Pomeroy and Karen E. Heller, on the brief).

PER CURIAM

In this insurance coverage action, plaintiff appeals from a July 31, 2020 order granting defendant's, Government Employees Insurance Company (GEICO), motion to dismiss and dismissing plaintiff's complaint with prejudice. We affirm.

I.

Plaintiff was injured in a motor vehicle accident on June 7, 2019, while in the course of her employment as an operator of a New Jersey Transit bus. Plaintiff alleged that a vehicle struck the bus from the rear when she stopped at an intersection. The alleged tortfeasor was insured under an automobile liability policy with a limit of $15,000.

Plaintiff was insured under an automobile liability policy issued by defendant for the policy period encompassing the date of the accident. The policy provided underinsured motorist benefits (UIM) in the amount of $250,000/$500,000. Plaintiff's insurance policy listed a 2004 Nissan Quest 3.5 minivan as the sole insured vehicle. Plaintiff alleges her personal injury damages exceed defendant's UIM limit, and her employer had not purchased UIM coverage.

A-4443-19

The alleged tortfeasor's insurer offered to settle plaintiff's claims within its limits. When plaintiff informed defendant of the offer and requested permission to accept it, defendant refused to provide consent and instead disclaimed UIM coverage to plaintiff under the policy. Defendant's disclaimer of coverage is based on an exclusion that states that coverage shall not apply to injuries sustained while the insured is occupying a regularly used vehicle the insured does not own. Defendant also points to an endorsement to the policy, which adds an additional exclusion that there shall not be UIM coverage for injuries or property damage while a vehicle is used to carry persons or property for compensation or a fee.

Plaintiff filed a complaint seeking a ruling on whether defendant must provide UIM benefits to her for her injuries. Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Following oral argument, the motion judge granted defendant's motion to dismiss.

On appeal, plaintiff argues:

[POINT I]

PLAINTIFF IS ENTITLED TO UIM COVERAGE UNDER [] DEFENDANT'S POLICY BECAUSE THE EXCLUSION IS AMBIGUOUS AND SO MUST BE READ IN FAVOR OF COVERAGE AND,

3

ALTERNATIVELY, BECAUSE THE EXCLUSION
IS AGAINST PUBLIC POLICY[.]

    A. Plaintiff [I]s Entitled [T]o UIM Coverage [U]nder [T]he Policy Purchased [B]y Her [F]rom [] Defendant Because [T]he Ambiguity [I]n [T]he Exclusion Must [B]e Interpreted [I]n Favor [O]f Coverage[.]

    B. Plaintiff [I]s Entitled [T]o UIM Coverage [U]nder [T]he Policy Purchased [B]y Her [F]rom [] Defendant Because [T]he Exclusion [I]s Against Public Policy[.]

II.

We review de novo a trial judge's determination of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 4:6-2(e). Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). In considering a Rule 4:6-2(e) motion, we examine "the legal sufficiency of the facts alleged on the face of the complaint," Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989), and we are limited to "the pleadings themselves." Roa v. Roa, 200 N.J. 555, 562 (2010). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown, 116 N.J. at 746 (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). If a complaint states no basis for relief, and discovery would not provide such basis, dismissal

is appropriate.  Camden Cnty. Energy Recovery Assocs. v. N.J. Dep't of Env't Prot., 320 N.J. Super. 59, 64 (App. Div. 1999).  At this stage, "the plaintiff is entitled to the benefit of every reasonable inference of fact."  Dimitrakopoulos, 237 N.J. at 107 (quoting Printing Mart-Morristown, 116 N.J. at 746).

## A.

Plaintiff contends the regular use exclusion is ambiguous and should be construed against the insurer.  Our Court has established certain rules for interpreting insurance policies.  Gibson v. Callaghan, 158 N.J. 662, 670 (1999). "In interpreting insurance contracts, we first examine the plain language of the policy and, if the terms are clear, they 'are to be given their plain, ordinary meaning.'"  Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 270 (2008) (quoting Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001)).

Exclusions in an insurance policy are "presumptively valid and will be given effect if 'specific, plain, clear, prominent, and not contrary to public policy.'"  Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997) (quoting Doto v. Russo, 140 N.J. 544, 559 (1995)).  The policy is ambiguous if the language supports more than one meaning.  Sahli v. Woodbine Bd. of Educ., 193 N.J. 309, 321 (2008).  Where ambiguity exists in an insurance contract, "courts interpret the contract to comport with the reasonable expectations of the

5

insured, even if a close reading of the written text reveals a contrary meaning." Zacarias, 168 N.J. at 595.

The exclusion at issue states that coverage for UIM benefits shall not apply

> [t]o bodily injury sustained by an insured while occupying a motor vehicle not owned by, and furnished for the regular use of the insured when involved in an accident with an underinsured motor vehicle.

We discern no ambiguity in the exclusion's language. Plaintiff argues the policy should be read to comport with her reasonable expectations; however, she has not established that the regular use exclusion supports more than one meaning—a threshold requirement a judge must make before interpreting the policy in favor of the insured. The policy's language is clear and means what it says: the exclusion applies when the insured is occupying a vehicle that the insured does not own but uses regularly. Where there is no ambiguity in the terms of an insurance contract, a judge will not "write for the insured a better policy of insurance than the one purchased." Gibson, 158 N.J. at 670 (internal quotation marks omitted) (quoting Longobardi v. Chubb Ins. Co., 121 N.J. 530, 537 (1990)).

The exclusion here is nearly identical to the insurer's definition in Di Orio v. N.J. Mfrs. Ins. Co. (Di Orio II), which defined a "non-owned automobile" as

6

"an automobile . . . not owned by or furnished for the regular use of either the named insured or any relative" and which the Court found to be unambiguous. 79 N.J. 257, 263, 270 (1979). The regular use exclusion here is clear and unambiguous. Therefore, we will construe it narrowly and following its plain meaning, which is to preclude coverage for bodily injury arising from the occupation of a non-owned, regularly used vehicle.

B.

Plaintiff argues that even if the exclusion is unambiguous, it does not apply to the factual circumstances here because she did not regularly use a single New Jersey Transit bus and her operation of the bus was for her employer's regular use. We disagree and conclude the judge properly decided the regular use exclusion applied.

In Venters v. Selected Risk Ins. Co., the plaintiff was injured in an accident while operating his employer's bus within the scope of his employment. 120 N.J. Super. 549, 551 (App. Div. 1972). The defendant insurer was required to pay reasonable medical expenses for injuries caused by an accident while occupying a non-owned vehicle under the policy. Ibid. The policy defined "non-owned automobile" as "not owned by or furnished for the regular use of" the insured or a relative. Ibid. The plaintiff argued the bus supplied to him

7

every day was not an automobile furnished for his regular use because he did not drive the same bus every day and he was only permitted to operate it during working hours. Ibid. This court held that it did not matter whether the insured's employer assigned one specific bus for his regular use or several different buses, the exclusion would still apply. Id. at 552.

In Fiscor v. Atl. Cnty. Bd. of Chosen Freeholders, the plaintiff, a jail warden on call twenty-four hours a day, had an accident while intoxicated in a county-owned vehicle. 293 N.J. Super. 19, 22 (App. Div. 1996). This court held "[w]here the insured, as in the present case, has an unrestricted right to use the vehicle for business purposes and was using the vehicle for such purposes at the time of the accident, the vehicle is one that is furnished for his regular use." Id. at 27-28.

Plaintiff's argument that the regular use exclusion does not apply because she did not regularly use any single New Jersey Transit bus is without merit. Prior decisions from this court reject the notion that the frequency or particular use of one vehicle in a fleet of employer-owned vehicles change the applicability of the regular use exclusion. See Venters, 120 N.J. Super. at 552.

Plaintiff's contention that her operation of the bus was for her employer's regular use, rather than her own, is also unpersuasive. The regular use exclusion

8

plainly denies coverage for injuries sustained while the insured was "occupying a motor vehicle not owned by, and furnished for the regular use of the insured." The exclusion does not require that this regular use be for the insured's personal or recreational enjoyment. The insured's regular use of the vehicle while in the scope of employment will still trigger the exclusion. In fact, in Venters, this court found that the regular use provision applied when the plaintiff operated an employer-owned bus during work hours. 120 N.J. Super. at 551-52.

The factual circumstances of this case fall squarely within the policy's regular use exclusion. Plaintiff was injured while operating a New Jersey Transit bus that she regularly uses but does not own. The judge did not err in granting defendant's motion to dismiss because plaintiff's operation of the New Jersey Transit bus triggers the exclusion and limits her recovery.

C.

Plaintiff argues the regular use exclusion is inconsistent with public policy and the overall scheme of New Jersey automobile insurance law. Plaintiff argues that the enforcement of the regular use exclusion in this case violates public policy because: (1) she was unable to purchase insurance or choose a UIM limit on the bus she was operating in the course of her employment; (2) her

9

employer was not obligated to provide UIM benefits; and (3) she was unable to include the employer-owned bus on her own policy.

Exclusionary provisions in an insurance contract are valid only if they are "specific, plain, clear, prominent, and not contrary to public policy." Homesite Ins. Co. v. Hindman, 413 N.J. Super. 41, 46 (App. Div. 2010). Due to the "substantial disparity in the sophistication" of the insurer and insured, and "because of the highly technical nature of insurance policies, we have long 'assume[d] a particularly vigilant role in ensuring their conformity to public policy and principles of fairness.'" Pizzullo, 196 N.J. at 270 (alteration in original) (quoting Gibson, 158 N.J. at 669-70).

Our Court has established that UIM coverage is "personal" to the insured and "linked to the injured person, not the covered vehicle." Aubrey v. Harleysville Ins. Co., 140 N.J. 397, 403 (1995). However, UIM coverage is limited to as much as "the insured is willing to purchase, for his or her protection subject only to the owner's policy liability limits for personal injury and property damage to others." Ibid. (quoting Prudential Prop. & Cas. Ins. Co. v. Travelers Ins. Co., 264 N.J. Super. 251, 259-60 (App. Div. 1993)). This court has examined the practical effect of enforcing the regular use exclusion in the same context:

We recognize that one could argue that if the company fails to provide sufficient coverage and is itself judgment-proof, the insured's own assets would be at risk in the absence of personal coverage. But there appears to be insurance available to insureds who wish to obtain "extended non-owned automobile coverage." See Di Orio II, 79 N.J. at 264. By paying an additional premium, an insured could obtain such coverage for automobiles not owned by the named insured or members of his or her household. Ibid. An insured in a situation such as plaintiff's, therefore, could have insured himself for excess coverage if he so chose. The availability of such coverage therefore buttresses our position that the "regular use" exception should apply, at least when an accident occurs while a vehicle furnished for unrestricted business use is being used for business purposes.

[Fiscor, 293 N.J. Super. at 28.]

Defendant's regular use exclusion is not inconsistent with Aubrey's mandate that UIM coverage follow the insured and not the covered vehicle. The policy does not limit coverage to injuries only sustained in a covered vehicle. The policy would provide UIM benefits if plaintiff was injured as a passenger in a non-owned vehicle that she did not regularly use or as the driver of a rental car. The policy does not violate public policy on the basis that it is unlawfully linked to the covered vehicle.

We recognize that plaintiff's own assets are at risk in the absence of coverage because her employer failed to provide sufficient coverage, and she

11

could not include the employer-owned bus on her own policy. However, if defendant were to extend coverage for UIM benefits to an insured's "habitual use of other cars," it would greatly "increase the risk on an insurance company without a corresponding increase in the premium." Di Orio II, 79 N.J. at 263. This court's reasoning in Fiscor further supports the determination that the policy is not violative of public policy. There exists additional, extended coverage that an insured may purchase to close the gap in these circumstances. Fiscor, 293 N.J. Super. at 28. And decisions from the New Jersey Supreme Court and this court have upheld similar provisions denying coverage for the regular use of a non-owned vehicle, implicitly finding that they conformed to public policy. See Di Orio II, 79 N.J. at 262; see also Venters, 120 N.J. Super. at 552. Therefore, the regular use exclusion does not violate public policy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4443-19